**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4526
_____

ELWOOD SMALL,
                                             Appellant

v.

JOSEPH W. VISINSKY; ANNETTE KOWALEWSKI; FREDERICK MAUE,
Chief of Clinical Services; RICHARD ELLERS, Director of the Bureau
of Health Care Services

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-00044)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2010
Before: SMITH, FISHER and GARTH, Circuit Judges

(Opinion filed: July 2, 2010)

_____

OPINION
_____

PER CURIAM

       Elwood Small, an inmate appearing pro se, appeals from an order of the United

States District Court for the Western District of Pennsylvania granting summary judgment

for the Defendant-Appellees pursuant to Federal Rule of Civil Procedure 56(c) and dismissing his civil rights action.

Small filed a complaint, which he later amended, alleging that defendants Joseph Visinsky and Annette Kowalewski were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Counts III and IV), and acted negligently in violation of Pennsylvania law, when they failed to ensure that he received the post-surgical physical therapy for his shoulder prescribed by his surgeon in 2006. Small claims that the lack of appropriate therapy resulted in permanent limited range of motion and chronic pain in his shoulder. Small also sought to bring a class action suit for violations of the Eighth Amendment against defendants Frederick Maue and Richard Ellers (Counts I and II), and additionally claims that defendant Kowalewski denied him access to the courts by preventing him from sending his medical records to a medical expert (Count V). The Magistrate Judge denied Small's motions for class certification and for appointment of class action counsel on August 29, 2008.[1] In his Report issued on

---

[1] The Magistrate Judge lacked authority to deny Small's motion for class certification. See 28 U.S.C. § 636(b)(1)(A); Nelson v. Nationwide Mortgage Corp., 659 F. Supp. 611, 619 (D.D.C. 1987) (noting that magistrate judges have no authority to rule on class action certification motions under § 636(b)(1)(A)," although such motions may be referred to a magistrate to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition under § 636(b)(1)(B)).

However, we see no reason to remand the matter for the District Court's determinatio,n as it is clear from the record that Small failed to satisfy all four prerequisites for class certification. See Fed. R. Civ. P. 23(a); see also In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 310 (3d Cir. 2008) (requiring that "each Rule 23 component is met"). We also note that Small's failure to satisfy the prerequisites for class

2

October 28, 2008, the Magistrate Judge recommended granting in part the defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court adopted the Magistrate Judge's Report in part, overruled Small's objections, dismissed Counts I, II, and V of the amended complaint, and declined to exercise supplemental jurisdiction as to the state law claims. The District Court, however, allowed Counts III and IV to proceed against Visinsky and Kowalewski.

After conducting discovery, the parties filed cross motions for summary judgment. The Magistrate Judge recommended granting summary judgment in favor of Visinsky and Kowalewski because the record lacked evidence establishing causation. Upon de novo review, the District Court held that the record lacked any evidence that Visinsky or Kowalewski possessed the subjective knowledge that a delay in obtaining physical therapy at SCI-Laurel Highlands posed a risk of serious harm to Small. Thus, the court concluded, the evidence suggested, at most, a question of negligence, not the "deliberate indifference" required to show reckless disregard for a serious medical need under the Eighth Amendment. The District Court adopted the Magistrate Judge's Report as supplemented, overruled Small's objections, granted summary judgment for Visinsky and Kowalewski, and denied Small's motion for summary judgment. Small filed a timely motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure in which he contested the District Court's ruling on deliberate indifference. The

---

certification renders moot his motion for appointment of class counsel.

Magistrate Judge recommended denying the reconsideration motion. Small filed objections, which the District Court rejected. The District Court adopted the Magistrate Judge's Report and denied reconsideration. Small filed this timely appeal.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). Summary judgment shall be granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party, and we draw all inferences in that party's favor. See Reitz, 125 F.3d at 143.

The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials. See Daniels v. Williams, 474 U.S. 327, 328 (1986). Likewise, Eighth Amendment liability under 42 U.S.C. § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to

4

provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Small claims that by transferring Small to SCI-Houtzdale after his surgery, Visinsky, the Corrections Health Care Administrator ("CHCA") for SCI-Somerset, deliberately delayed Small's prescribed physical therapy treatment at SCI-Laurel Highlands by fifteen days. He says that Visinsky knew that Small required intensive physical therapy at SCI-Laurel Highlands as early as July 6, 2006, because he had received e-mail correspondence concerning Small's upcoming surgery and need for rehabilitation and physical therapy.

Small claims that Kowalewski, the CHCA at SCI-Laurel Highlands, failed to make certain that he received the prescribed physical therapy while he was housed in the RHU, from August 18, 2006, through September 30, 2006. Specifically, he claims that Kowalewski should have known that Doctor Kates ordered physical therapy again on September 8, after Small told the doctor that he was not getting any physical therapy in the RHU, and should have attended the quality improvement meeting on September 10 which addressed delays in the provision of prison healthcare. According to Small, in light of Doctor Kates's renewed order, Kowalewski's failure to attend the quality improvement meeting constituted reckless disregard for his serious medical needs. He contends that the combined two-month delay (from August 1 through September 30, 2006) in receiving the

5

physical therapy prescribed by Doctor Kates on July 26 and August 4 resulted in serious, permanent harm to his shoulder.

The District Court properly granted summary judgment for the defendants. Even assuming that Small could show causation, there is no record evidence of deliberate indifference. Put another way, there is no evidence from which we can draw a reasonable inference that Visinsky or Kowalewski consciously disregarded Small's physical therapy needs and delayed his treatment based on this awareness. Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."); Kaucher v. County of Bucks, 455 F.3d 418, 428 (3d Cir. 2006) (requiring "that a person consciously disregard 'a substantial risk of serious harm'").

Small contends that Visinsky transferred Small to SCI-Houtzdale based on a physical therapist's indication after Small's surgery that he did not need therapy, even though Visinsky was aware of Small's post-surgical need for rehabilitation as early as July 6, 2006, and the doctor's discharge orders included intensive physical therapy. We do not see how Visinsky's mistaken belief amounts to deliberate indifference. Although Visinsky received the e-mails from the CHCA at SCI-Houtzdale on July 6, 2006, he was not aware of the LTC referral form that the CHCA at SCI-Houtzdale sent to Kowalewski at SCI-Laurel Highlands for Kowalewski's review on July 7, 2006. Because he received no LTC form or other communication from SCI-Houtzdale after Small's surgery

6

informing him that Small should be transferred to SCI-Laurel Highlands, Visinsky processed Small's return to his home facility, SCI-Houtzdale. (See Defendants' Concise Statement of Facts, Exh. "A." at ¶ 11.)

As for Kowalewski's alleged failure to make sure that Small received the therapy he needed in the RHU, Small disputes the defendants' claim that he received physical therapy three times a week. Viewing the facts in the light most favorable to Small and assuming that he did not receive physical therapy while he was housed in the RHU, the delay in providing physical therapy three times a week does not amount to deliberate indifference. There is no record evidence that Kowalewski was aware that Small was not receiving his treatment before she received his grievance in October 2006. The e-mail correspondence that took place in early July and August 2006, pre-dated Small's arrival in the RHU and, thus, it provided no notice of subsequent problems with therapy that arose in the RHU. We note that, contrary to Small's characterization, Doctor Kates's September 8 written order only recommended that Small return to his home facility. Significantly, Kates did not order continued physical therapy at SCI-Laurel Highlands. (See Small's appendix to concise statement of facts, "SCI Telemedicine Report dated 9-8-2006."). Moreover, the Quality Improvement Meeting held on September 10, 2006, did not discuss Small's case. (Id. Kowalewski's response to request for admissions, at ¶ 10.) Thus, neither the doctor's order nor Kowalewski's attendance at the Quality Improvement Meeting would have made her aware of any alleged problems with Small's therapy in the

7

RHU.  Accordingly, Small has not established an Eighth Amendment violation with respect to the post-surgical treatment of his shoulder as to Visinsky or Kowalewski.

The District Court did not err in denying Small's motion for reconsideration. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (District Court's denial of reconsideration reviewed for abuse of discretion).  Even assuming, *arguendo,* that Visinsky and Kowalewski breached their professional duties as CHCAs, their failure to alleviate the serious risk of harm to Small that each of them allegedly should have perceived (but did not) does not rise to the level of deliberate indifference under the Eighth Amendment.  See Rouse, supra.

Accordingly, we will affirm the judgment of the District Court.